UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CURRIER,

                Plaintiff,

-vs-

                                  Case No:  2022-
                                  Hon:

UNITED STATES OF AMERICA,

                Defendant.

D. BRUCE BEATON  (P32704)
Attorney for Plaintiff
137 S. Water Street
Marine City, MI 48039
810-765-3333

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff herein, JERRY CURRIER, by and through his attorney, D. BRUCE BEATON, PLC, by D. Bruce Beaton, and for his Complaint states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 2671 *et. seq.* against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claim litigation in the Federal District Court.

2. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a Defendant which transacts business and operates in the Eastern District of Michigan, the United States Postal Service has a Post Office location at 200 E. Liberty in Ann Arbor, Michigan, 48104, and 202 Trumbull Street, St. Clair, Michigan, 48079, and the Plaintiff was struck by the United States Postal Service truck in East China, Michigan.

3. At all times material to this Complaint, the amount in controversy is in excess of the sum of Seventy-Five ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees.

## NATURE OF THE ACTION

4.  This is a personal injury action for monetary damages, arising out of the injuries to Plaintiff, JERRY CURRIER. On July 3, 2020, JERRY CURRIER was a passenger in a vehicle which was stopped on King Road turning left onto Meisner Road in the Township of East China, County of St. Clair, State of Michigan when a US Postal Service vehicle struck the vehicle in which MR. CURRIER was a passenger in the rear. The United States Postal Service truck was being driven by United States Postal Service worker, Evan Daniel Melick, within the course and scope of his federal employment at the time of striking Plaintiff's vehicle from behind.

5.  Plaintiff, JERRY CURRIER, brings this action individually, as he was the person who was a passenger in a vehicle when it was struck by the United States Postal Service truck.

6.  At all times material to this Complaint, Defendant, UNITED STATES OF AMERICA, acted through its agency, the United States Postal Service, and/or operates the United States Postal Service as an independent agency of the Executive Branch of the United States government.

7.  At the time, MR. CURRIER's vehicle was struck from behind by the United States Postal Service truck, he was a resident of East China, Michigan.

8.  At the time of the filing of this lawsuit, the Plaintiff is still a resident of East China, Michigan.

9.  At all times material to this Complaint, Evan Daniel Melick was employed as a driver of the United States Postal Service truck that struck Plaintiff's vehicle from behind, and was considered an employee of the United States of America, as he was an employee of the United States Postal Service.

10.  At all times material to this Complaint, Evan Daniel Melick was acting as an employee and/or agent of the United States Postal Service and was acting within the course and scope of his Federal employment.

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

11.  This case is brought against the UNITED STATES OF AMERICA pursuant to 28 U.S.C. § 2671 *et. seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on 28 U.S.C. § 1346(b)(1) and 2674 because the personal injuries to Plaintiff, JERRY CURRIER, and resulting damages that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts, and/or omissions of the Federal employee of the UNITED STATES OF AMERICA through its

2.

agency, the United States Postal Service. Its employee was acting within the course and scope of his Federal employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the Laws of the State of Michigan.

12. Pursuant to 28 U.S.C. § 2675, Plaintiff, JERRY CURRIER's, administrative claim, including signed Form 95 was timely presented to the appropriate agency of the Defendant, UNITED STATES OF AMERICA, namely the United States Postal Service Tort Claim coordinator, on or about April 6, 2021. **(Exhibit 1-signed Form 95)**.

13. Plaintiff, JERRY CURRIER, also submitted with the Form 95:

> Photos of USPS truck (2)
> Photos of Plaintiff's truck (3)
> Photo of road (1)
> 8/29/20 Lumbar MRI
> 11/18/20 Cervical Spine MRI
> 8/1/20 Right Shoulder MRI
> 11/12/20 Right Shoulder X-Ray
> Declaration of Dr. Marwan Shuayto
> Statement of John Currier (Jerry Currier's brother)
> Declaration Sheet-Progressive Insurance Company
> Disability Slips
> Police Report
> Taxes
> Wage Loss
> 1/25/21 Thoracic Spine MRI
> 11/12/18 Lumbar CT
> Medical records of Dr. Marwan Shuayto
> ER records
> 9/22/20 Operative Report
> Order for Surgery
> Medical Records of Dr. Peter Pashley
> Medical Records of River District Hospital on CD

and other exhibits along with Form 95 in support of his claim to the United States Postal Service Tort Claim coordinator.

14. Plaintiff, JERRY CURRIER, has fully complied with the provisions of U.S.C. § 2675 of the Federal Tort Claims Act.

15. The Defendant and/or the United States Postal Service Tort Claim examiner denied Plaintiff's claim on December 20, 2021. **(Exhibit 2)**.

16.    Plaintiff, JERRY CURRIER, timely files this lawsuit against the Defendant, UNITED STATE OF AMERICA.

## FACTUAL ALLEGATIONS

17.    On July 3, 2020, Plaintiff was a passenger in a motor vehicle stopped on King Road turning left onto Meisner Road in the Township of East China, County of St. Clair, State of Michigan.

18.    At the same time, United States Postal Service employee, Evan Daniel Melick, was driving a United States Postal Service truck northbound on King Road in the Township of East China, County of St. Clair, State of Michigan.

19.    At the above time, date, and place United States Postal Service employee, driver, Evan Daniel Melick, negligently and carelessly struck the rear of the vehicle in which Plaintiff was a passenger with the front of the postal truck.

20.    The above-mentioned incident of the United States Postal Service truck striking the rear of the vehicle in which Plaintiff was a passenger was directly and proximately caused by the negligence of the Defendant, UNITED STATES OF AMERICA, through its agency and/or Federal employee, Evan Daniel Melick, as is more particularly set forth below.

## COUNT I – NEGLIGENCE
## (Against Defendant, UNITED STATES OF AMERICA)

21.    Plaintiff incorporates by reference all other paragraphs of this Complaint to eliminate repetition.

22.    Michigan law determines the UNITED STATES OF AMERICA's governmental liability in this case, as that is the state where the negligent acts and/or omissions occurred.

23.    Defendant, UNITED STATES OF AMERICA, through its agency and/or Federal employee, Evan Daniel Melick, owed a duty to Plaintiff, JERRY CURRIER, under Michigan law to use reasonable care and caution in the operation and control of the vehicle being driven by United States Postal Service employee, Evan Daniel Melick, so as to reasonably protect the health and life of Plaintiff, JERRY CURRIER, to obey the local traffic ordinances, the Motor Vehicle Code of Michigan, and the rules of common law.

24.    Contrary to said duties, Defendant, UNITED STATES OF AMERICA, through its agency and/or Federal employee, Evan Daniel Melick, was negligent in that said employee:

A.    Failed to maintain a proper lookout in front of the vehicle he was driving;

4.

B.   Drove in a careless and/or negligent manner, in violation of MCL 257.626b;

C.   Drove in a reckless manner in violation of MCL 257.626;

D.   Failed to keep a sharp and careful lookout;

E.   Failed to see what there was to be seen;

F.   Drove with willful and wanton disregard for the safety of the Plaintiff;

G.   Failed to maintain a reasonable and proper lookout to see what was plainly to be seen;

H.   Failed to operate the postal vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard for the traffic surface, width of the highway, the presence of legally stopped vehicles on the roadway, and for any other condition then existing in violation of MCL 257.627;

I.   Failed to operate the postal vehicle at a speed that would permit it to stop within the assured clear distance ahead, in violation of MCL 257.627;

J.   Failed to keep said postal vehicle constantly under control;

K.   Failed to yield the right of way;

L.   Failed to operate said vehicle in such a manner so as not to endanger the Plaintiff;

M.   Failed to properly keep his eyes on the roadway in front of him;

N.   Upon information and belief, may have been a distracted driver.

25.   All of the above negligent actions are contrary to the laws governing the operation of motor vehicles within the State of Michigan, the local ordinances, and the common law.

26.   The acts and/or omissions as set forth above constitute a valid claim under the law of the State of Michigan.

27.   Defendant, UNITED STATES OF AMERICA, through its agency, United States Post Office, and its employee, Evan Daniel Melick, is liable for the negligence of Evan Daniel Melick, when the United States Postal truck struck the rear of the vehicle in

which Plaintiff, JERRY CURRIER, was a passenger.

28.    Defendant, UNITED STATES OF AMERICA, through its agency, the United States Postal Service, is also liable as the owner of the Postal vehicle that struck the rear of the vehicle in which Plaintiff, JERRY CURRIER, was a passenger, pursuant to MCL 257.401.

29.    As a direct and proximate result of the aforementioned accts and/or omissions of Defendant, UNITED STATES OF AMERICA, through its agency and/or Federal employee, Evan Daniel Melick, Plaintiff, JERRY CURRIER, has suffered numerous injuries, including but not limited to, the following:

A.    Neck injury and radiculopathy;
B.    Right shoulder injury requiring surgery;
C.    Right upper extremity radiculopathy;
D.    Right lower extremity radiculopathy;
E.    Chronic back pain with injuries listed on MRI;
F.    Chronic neck pain with injuries listed on MRI;
G.    Right hand wrist pain;
H.    Numbness in thumb and pointer finger;
I.    Right shoulder injury;
J.    Chronic Pain Syndrome;
K.    Cervalgia;
L.    Myalgia;
M.    Left shoulder pain;
N.    Spondylosis in lumbosacral region.

30.    As a direct and proximate result of the aforementioned acts and/or omissions of Defendant, UNITED STATES OF AMERICA, through its agency and/or Federal employee, Evan Daniel Melick, Plaintiff, JERRY CURRIER, has incurred the following damages:

A.    Physical pain and suffering, past, present, and future;

B.    Mental anguish, including embarrassment and humiliation, past, present, and future;

C.    Wage and earnings loss, past, present, and future;

D.    Medical bills;

E.    Serious impairment of a body function;

F.    Lost employment benefits, past, present, and future;

6.

G.     Decreased enjoyment of life, past, present, and future;

H.     Plaintiff incorporates the request for damages made in Form 95 dated February 17, 2021, which was submitted to the United States Postal Service.

31.     As a direct and proximate result of the aforementioned conduct and tortious acts and omissions of the UNITED STATES OF AMERICA, Plaintiff, JERRY CURRIER, suffered damages set forth above.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, JERRY CURRIER, prays for a judgment against the Defendant as follows:

A.     Damages in the amount of $2,000,000.00;

B.     General damages according to the proofs;

C.     Special damages according to the proofs;

D.     Damages for physical pain and suffering, past, present, and future;

E.     Damages for mental anguish, including embarrassment, humiliation, past, present, and future;

F.     Damages for decreased enjoyment of life, past, present, and future;

G.     Damages for medical bills, past, present, and future;

H.     Damages for wage and earnings loss, past, present, and future;

I.     Damages for lost employment benefits, past, present, and future;

J.     Pre-judgment and post-judgment interest as allowed by law;

K.     For all costs of suit incurred herein;

L.     For such other and further relief as the Court deems just and proper.

Dated: February 28, 2022          **D. BRUCE BEATON, PLC**

                      By:    */s/ D. Bruce Beaton*

7.

**D. BRUCE BEATON**  (P32704)
Attorney for Plaintiff
137 S. Water
Marine City, MI 48039
810-765-3333

8.

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully ~ instructions on the reverse side and supply information reques ~ oth sides of this form. Use additional sheet(s) if necessary. See ~verse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant, and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, and Zip Code) |
|---|---|
| USPS District Accident, Tort Claims<br>Tara Maben<br>GwY Detroit<br>1401 w Fort St 4th Floor<br>Detroit MI 48233 | JERRY M. CURRIER<br>5778 Cloverlawn St.<br>EAST CHINA, MI 48054 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>3/20/60 | 5. MARITAL STATUS<br>Single (Divorced) | 6. DATE AND DAY OF ACCIDENT<br>FRIDAY - 7/3/20 | 7. TIME (A.M. OR P.M.)<br>13:11 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

MR. JERRY CURRIER WAS A FRONT SEAT PASSENGER IN HIS 2006 FORD F 150 STOPPED ON KING ROAD IN CHINA TOWNSHIP, MICHIGAN TURNING LEFT ONTO Belle River Road WHEN EVAN MELICK WAS UNABLE TO STOP IN THE ASSURED CLEAR DISTANCE AHEAD AND STRUCK MR. CURRIER'S VEHICLE IN THE REAR. MR. MELICK, AN EMPLOYEE OF THE USPS WAS OPERATING A USPS COMMERCIAL VEHICLE.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A - No Fault Insurance

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF THE CLAIM. WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Low BACK INJURY (SEE ATTACHED MRI REPORT). NECK INJURY (SEE ATTACHED MRI REPORT), RIGHT SHOULDER INJURY (SEE ATTACHED MRI REPORT AND OPERATIVE REPORT). RADICULOPATHY INTO RIGHT UPPER EXTREMITY, RADICULOPATHY INTO RIGHT LOWER EXTREMITY, MID BACK INJURY (SEE RADIOLOGY Report). Chronic Pain see attached declaration of Dr Stanglin (neurologist).

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** (Number, Street, City, State, and Zip Code) |
| JOHN CURRIER (THE OPERATOR OF MY VEHICLE) | 5030 Belle River Rd., CHINA, MI 48054 |
| EVAN MELICK (USPS employee operating USPS Vehicle) | 482 Sunset St., Algonac, MI 48001-1039 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>N/A No-Fault | 12b. PERSONAL INJURY 12 million<br>Past lost income<br>Future lost income<br>Pain AND Suffering mental Anguish | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>810 841 1655 | 14. DATE OF SIGNATURE<br>2/17/21 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both (See 18 U.S.C. 287, 1001.) |

95-109     NSN 7540-00-634-4046     STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it i... ..al that the claimant provide the following information req.... ...he insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

PROGRESSIVE GROUP OF INSURANCE COMPANIES
P.O. BOX 512926
Los Angeles, CA 90051 - Policy # 939237731

**16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes   ☐ No   **17. If deductible, state amount.**

Yes I have Filed a MI No Fault Claim Full medical
I have not filed a property damage claim       See attached Dec Sheet

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)**

I have Filed a lawsuit to receive my no Fault benefits

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

Same as above for car truck

---

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

---

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

---

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

# EXHIBIT B

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

CERTIFIED MAIL 7020 2450 0002 0564 2324
RETURN RECEIPT REQUESTED

December 20, 2021

Mr. D. Bruce Beaton
Attorney at Law
137 South Water Street
Marine City, MI 48039

Re:  Your Client:        Jerry Currier
     Date of Incident:   July 3, 2020
     NTC File No.:       NT202121424

Dear Mr. Beaton:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about July 3, 2020.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, we believe the injuries claimed are not as a result of this incident and therefore, cannot accept legal liability for these alleged damages.

Furthermore, because the accident in this case occurred in Michigan, the governing law is the Michigan no-fault insurance law, Chapter 31 of the MI Compiled Law, §500. The Michigan no-fault insurance law requires that a Plaintiff can only make a claim for non-economic damages if he/she has suffered a serious impairment of body function or permanent serious disfigurement. Your client is a covered person under the no-fault law. The United States is also a covered person under the no-fault law. Witty v. United States of America, 947 F. Supp. 137, 1996 US Dist. Lexis 17105. Through this claim, your client seeks to recover "non-economic loss". However, the non-economic loss is clearly not recoverable in this case as your client fails to meet the injury threshold. While we regret any injury your client suffered on the day of the accident, we cannot accept legal liability for her damages. We are hereby denying your client's claim.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL:  314/345-5820
FAX:  314/345-5893

- 2 -

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.   Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.


Sincerely,

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel:  314/345-5847

cc:    Tara Maben
       Tort Claim Coordinator
       File No. 481-20-00499479B